FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 APR 30 P 1: 28

CLERK_____
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

ANTHONY POPE,                    :
                                 :
              Petitioner,        :
                                 :
      vs.                        :        CIVIL ACTION NO.: CV213-003
                                 :
U. S. DEPARTMENT OF JUSTICE;     :
DIRECTOR OF FEDERAL BUREAU       :
OF PRISONS; and S. HASTING,      :
Warden,                          :
                                 :
              Respondents.       :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Anthony Pope ("Pope"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Pope filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**, and Pope's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Pope waived indictment and pleaded guilty to an information in the Southern District of New York that charged racketeering, in violation of 18 U.S.C. § 1962(c); multiple counts of violent crimes in aid of racketeering, in violation of 18 U.S.C. § 1959(a); use of interstate commerce facilities in connection with murder-for-hire, in violation of 18 U.S.C. § 1958; and conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846. (Doc. No. 9-4, p. 4). Pope was sentenced to life imprisonment. (Id. at

6). Pope appealed his conviction and sentence, and the Second Circuit Court of Appeals affirmed; the United States Supreme Court denied Pope's petition for writ of certiorari. (Id.).

Pope then filed an unsuccessful motion to vacate his judgment pursuant to FED. R. CIV. PROC. 60(b)(4). (Doc. No. 9-4). Next, Pope filed a petition for writ of corum nobis, which the district court construed as a 28 U.S.C. § 2255 motion and dismissed. Pope v. United States, Case No. 1:09-cv-02067-HB (S.D. N.Y.). Pope has filed three additional 28 U.S.C. § 2255 motions challenging his conviction and sentence, all of which have been unsuccessful. Pope v. United States, Case No. 1:11-cv-02799-SHS (S.D. N.Y.); Pope v. United States, Case No. 1:11-cv-06669-SHS (S.D. N.Y.); Pope v. United States, Case No. 1:11-cv-09720-SHS (S.D.N.Y.).

In his instant petition, Pope seeks relief under § 2241 based on the allegation that his conviction and sentence are void because the district court lacked jurisdiction over his case. Pope argues that the district court lacked jurisdiction because his own compelled testimony was used against him in violation of his Fifth Amendment rights. (Doc. No. 1, p. 4). Pope also alleges the court lacked jurisdiction because he was proceeded against by information instead of indictment. (Id.).

Respondent contends that Pope's petition should be dismissed because his claims are not appropriate claims to be brought under § 2241. Pope counters that § 2241 is the proper vehicle for his claims and § 2255 is inapplicable.

## DISCUSSION AND CITATION OF AUTHORITY

Generally, a motion to vacate, set aside, or correct a sentence filed in the court of conviction pursuant to 28 U.S.C. § 2255 is the proper method to be used by a

AO 72A
(Rev. 8/82)

prisoner seeking to collaterally attack the validity of his conviction or sentence. Darby v. Hawk-Sawyer, 405 F.3d 942, 944–45 (11th Cir. 2005) (citation omitted); 28 U.S.C. § 2255(a). Conversely, a § 2241 petition is appropriate for claims concerning the execution of a sentence. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008). After filing an unsuccessful § 2255 motion, a prisoner may file successive § 2255 motions only with permission from the appropriate court of appeals and only in the narrow circumstances prescribed by § 2255(h). A prisoner may not file a § 2241 habeas petition in an attempt to circumvent the ban on successive § 2255 motions. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999).

However, when a motion filed under § 2255 would be "inadequate or ineffective to test the legality of his detention," a prisoner may file a habeas petition under § 2241. 28 U.S.C. § 2255(e). A motion under § 2255 is "inadequate or ineffective" as to a prisoner's claim, thus triggering the availability of § 2241, "when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Wofford, 177 F.3d at 1244. The petitioner has the burden of producing evidence showing the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006) (citation omitted).

Pope's contentions that the district court lacked jurisdiction over his conviction and sentence are clearly attacks on his underlying conviction. Therefore, his claims are properly analyzed under § 2255. In order to file a § 2241 petition, Pope's claims

must fall within the savings clause of § 2255(e). Pope is not entitled to § 2241 relief. He fails to identify a new, retroactively applicable Supreme Court decision that establishes that he was convicted for a nonexistent offense or that he was foreclosed from raising these claims during his trial or a direct appeal or motion pursuant to § 2255. Without meeting the Wofford test, Pope's claims do not fall within the savings clause of § 2255; therefore, he cannot bring them under § 2241.

In his Response, Pope argues that Respondent inappropriately construes his writ for habeas corpus and that § 2255 does not apply. Pope also circuitously alleges that, because his Fifth Amendment rights were violated and the district court lacked subject matter jurisdiction, he is actually innocent and his conviction amounts to a miscarriage of justice. Respondent contests Pope's claims under the requirements of § 2255 because it is the correct application of law. Respondent does not attempt to misconstrue or subvert the purposes of the writ of habeas corpus in its Motion to Dismiss. Wofford provides the framework by which a prisoner can file a § 2241 petition to attack his conviction or sentence, and Pope has not met the Wofford test.

To the extent that Pope attempts to argue that his actual innocence claim can be heard pursuant to § 2241 because it would be a fundamental miscarriage of justice for this Court not to render a merits determination of that claim, Pope's argument is foreclosed by Kelley v. Hickey, 307 F. App'x 424 (11th Cir. 2009). In Kelley, a § 2241 petitioner appealed the dismissal of his petition, which asserted that he was actually innocent of the crime for which he was convicted, arguing that a miscarriage of justice would result if the district court did not render a decision on the merits of his claim. The Court of Appeals for the Eleventh Circuit reiterated well-defined circuit law stating that a

§ 2241 petition is appropriate to challenge the validity of a federal conviction or sentence only when the remedy provided by § 2255 is inadequate or ineffective and that § 2255 is inadequate or ineffective only when the <u>Wofford</u> test is met. The court went on to explain that "[o]nce the savings clause . . . applies to open the portal to a [section] 2241 proceeding, the proper inquiry . . . will be whether the petitioner can establish actual innocence of the crime for which he has been convicted [.]" <u>Id.</u> at 426 (quoting <u>Wofford</u>, 177 F.3d at 1244 n.3) (some alterations in original). The court determined that because the petitioner did not open the portal to allow him to bring a § 2241 petition, his petition was properly dismissed. <u>Id.</u> Like the petitioner in <u>Kelley</u>, Pope has not met the <u>Wofford</u> test; therefore, Pope cannot bring his claim pursuant to § 2241.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED** and Pope's § 2241 petition be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this _30th_ day of April, 2013.



JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)