# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

ANTHONY POPE,

    Petitioner,

vs.

U. S. DEPARTMENT OF JUSTICE; DIRECTOR OF FEDERAL BUREAU OF PRISONS; and S. HASTING, Warden,

    Respondents.

CIVIL ACTION NO.: CV213-003

## ORDER

Petitioner Anthony Pope ("Pope") filed Objections to the Magistrate Judge's Report dated April 30, 2013, which recommended that Pope's 28 U.S.C. § 2241 petition be dismissed. After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

In his Objections, Pope argues that "[t]he facts clearly qualifies as fundamental defects that inherently resulted in a complete miscarriage of justice." (Doc. No. 14, p. 3). Pope maintains his claims that the Southern District of New York lacked jurisdiction over his conviction and sentence. Pope asserts he is entitled to relief pursuant to § 2241(c)(3).[1]

As discussed in Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999), and in the Magistrate Judge's Report, the availability of § 2241 relief is only triggered when a motion under 28 U.S.C. § 2255 is inadequate or ineffective to collaterally attack the

---

[1] "The writ of habeas corpus shall not extend to a prisoner unless . . . He is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

AO 72A
(Rev. 8/82)

validity of a conviction or sentence. A motion under § 2254 is "inadequate or ineffective" when a prisoner's claim: "1) is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Wofford, 177 F.3d at 1244. Pope fails to identify a new, retroactively applicable Supreme Court decision that establishes that he was convicted for a nonexistent offense or that he was foreclosed from raising these claims in his previously-filed motions.

The undersigned agrees with the Magistrate Judge's characterization of Pope's claims as attacks on the validity of his conviction. The Magistrate Judge correctly determined that Pope's claim falls within the scope of 28 U.S.C. § 2255(a), does not meet the savings clause of § 2255(e), and must be brought in a motion pursuant to § 2255(a).

Plaintiff's Objection to the Magistrate Judge's Report and Recommendation is without merit and is **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**, and Pope's petition is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

SO ORDERED, this 21 day of May, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)